AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
U.S. District Court
District of Kansas

APR 1 2 2024

Clerk, U.S. District Court
By _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 24-M-6102-01-GEB
Information associated with OBAYZAC@YAHOO.COM, that is )
stored at premises controlled by Yahoo Inc., further described in )
Attachment A )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Information associated with OBAYZAC@YAHOO.COM, that is stored at premises controlled by Yahoo Inc., further described in Attachment A

located in the _____Northern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☒ evidence of a crime;
☒ contraband, fruits of crime, or other items illegally possessed;
☒ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252A(a)(2) | Receipt/Distribution of Child Pornography |
| 18 U.S.C. 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:
SEE ATTACHED AFFIDAVIT OF PROBABLE CAUSE

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Kasev R. Sundar SA, Federal Bureau of Investigation
*Printed name and title*

Sworn to before me telephonically.

Date: 12 Apr 2024 @ 2:15pm

_____
*Judge's signature*

City and state: Wichita, Kansas

Honorable Gwynne E. Birzer, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH:<br><br>OBAYZAC@YAHOO.COM<br><br>THAT IS STORED AT PREMISES CONTROLLED BY YAHOO INC. | Case No. 24-6102-GEB |

**AFFIDAVIT IN SUPPORT OF APPLICATION**
**FOR SEARCH WARRANT**

I, Kasev R. Sundar, Special Agent of the Federal Bureau of Investigation, being duly sworn, do hereby depose and state:

**INTRODUCTION AND AGENT BACKGROUND**

1. I have been employed as a Special Agent (SA) with the FBI since January 8, 2021. 1 am currently assigned to the FBI Wichita Resident Agency (RA). While employed by the FBI, I have investigated federal criminal violations related to child exploitation and child pornography. I have gained experience through training at the Heart of America Regional Computer Forensics Laboratory in Kansas City, MO and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media. At the Heart of America Regional Computer Forensics Laboratory, I received training and certifications in using the Cellebrite software to extract and analyze data from electronic media devices. I have also completed training, provided by the FBI and the National Criminal Justice Training Center, on conducting Freenet investigations. Additionally, I have successfully completed the FBI Computer Analysis

Response Team (CART) Technician certification course and the FBI Digital Evidence Extraction Technician authorization course. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2252 and 2252A, and I am authorized by law to request a search warrant.

2. As a Special Agent of the FBI, I am authorized to investigate violations of laws of the United States, and I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States, including violations of Title 18 U.S.C. §§ 2252 and 2252A. I have received training on conducting a wide variety of criminal investigations, to include organized crime, drug trafficking, human trafficking, crimes against children, major theft, and other federal crimes. I have also received training on the preparation and execution of search warrants.

3. As will be shown below, there is probable cause to believe that the identified Yahoo account have been used in the commission of violations of 18 U.S.C. §§ 2252(a)(1), (a)(2), and (a)(4), relating to transporting, distributing, receiving, and possessing visual depictions of minors engaged in sexually explicit conduct, as well as violations of 18 U.S.C. §§ 2252A(a)(1), (a)(2), and (a)(5)(B), offenses relating to transporting, distributing, receiving, possessing and accessing child pornography. I submit this application and affidavit in support of a search warrant authorizing the search of the account described in Attachment A. I seek authorization to examine the account to seize evidence, fruits, and instrumentalities of the foregoing criminal violations, which relate to the aforementioned criminal violations, and as further described in Attachment B.

4. This Affidavit is submitted in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant for the Yahoo account specifically described in

Attachment A of this Affidavit, for contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A, more specifically described in Attachment B of this Affidavit.

5. The statements in this Affidavit are based in part on information provided by other law enforcement personnel and on my investigation of this matter. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that contraband and evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252 (including possession, receipt, and distribution of visual depictions of a minor engaged in sexually explicit conduct) and 2252A (including possession, receipt, and distribution of child pornography), are presently located in the Yahoo account specifically described in Attachment A of this Affidavit.

## DEFINITIONS

6. The following definitions apply to this Affidavit and Attachment B:

   a. "Child Pornography" includes any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct; (b) the visual depiction was a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct. See 18 U.S.C. § 2256(8).

   b. "Minor" means any person under the age of 18 years. See 18 U.S.C. § 2256(1).

   c. "Sexually explicit conduct" applies to visual depictions that involve the use of a minor, see 18 U.S.C. § 2256(8) (A), or that have been created, adapted, or modified to appear to depict an identifiable minor, see 18 U.S.C. § 2256(8) (C). In those contexts, the term refers to actual or simulated (a) sexual intercourse (including genital-genital, oral-genital, or oral-anal), whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person. See 18 U.S.C. § 2256(2) (A).

    d. "Visual depictions" include undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).

    e. "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not necessarily, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

    f. "Internet Protocol address" or "IP address" refers to a unique number used by a computer to access the Internet.

## INVESTIGATION/PROBABLE CAUSE

7. This investigation involves multiple accounts associated with Zachary Hiskey, relating to his involvement with social media accounts used to engage in the exchange of child pornography.

### CyberTipline Report #96920407

8. On or about July 31, 2021, Kik submitted CyberTipline Report #96920407 to the National Center for Missing and Exploited Children, advising it had detected a Kik user that had uploaded a child pornography video to its servers. According to Kik, the user "zac11234" uploaded a video depicting child pornography to a group of other users on June 13, 2021 from IP address 72.209.181.112.

9. The video shared by the user "zac11234" depicts several instances of adult males ejaculating onto the faces and/or into the mouths of numerous prepubescent females. At the beginning of the video, a caption appears that reads "Sweet release …". Below that caption is another caption that reads "Girls getting showered in CUM". The females in the video appear to be prepubescent based upon their facial features, lack of pubescent features, and relative size in relation to the males.

10. According to Kik, the email address associated with "zac11234" was obayzac@yahoo.com (**SUBJECT ACCOUNT**).

11. Subsequent records from Kik showed the Kik account was registered on April 9, 2014.

12. NCMEC geolocated the account's reported IP addresses to Hutchinson, Kansas, and made the report available to law enforcement in Kansas.

13. The obayzac@yahoo.com account (**SUBJECT ACCOUNT**) was also connected to an investigation into online storage accounts used to exchange child pornography, discussed below.

### The Online Storage Exchange Investigation

14. In May 2022, an FBI Online Covert Employee (OCE) was conducting undercover operations targeting individuals engaged in the distribution, advertisement, and production of child pornography via a particular social media application (not Kik). In the course of those operations, in a group chat named "Pedo Lives Matter," the OCE observed an individual post a hyperlink to a New Zealand-based online storage account.

15. When the OCE accessed the link, OCE observed that the link contained numerous folders containing child pornography videos, including depictions of children subjected to sex acts with dogs (bestiality):

    a. "zoo.avi" – This video depicts a female who is lying with her back on a couch. The female removes her shorts, exposes her vagina, and then a small dog appears in the video and begins to lick her vagina. The female later turns around and the dog licks her buttocks and rectum. The female appears to be prepubescent due to a small body frame relative to an average adult female, lack of pubic hair, and lack of developed breasts.

    b. "slave teen with animal chair.avi" – This video depicts two naked females. One of the females lies on a couch and spreads her legs. The other females then places both of her knees on the ground and performs fellatio on the female lying on the couch. Later in the video, female who had her knees on the ground lies on the couch, and the female who was lying on the couch places her knees on the ground and performs fellatio on the other female. The females appear to be at the onset of puberty since their breasts appeared to be slightly developed. No pubic hair was present on either female.

c. "cp peno mamando a nina.3pg" – This video depicts a female who is laying naked on a floor and wearing a blindfold. A dog licks her vagina. The female then appears to perform fellatio on the dog as it continues to lick her vagina. The female appears to be prepubescent due to a small body frame relative to an average adult female, lack of pubic hair, and lack of developed breasts.

d. "048 Girl_ 1003 _and_ dog.avi" – This video depicts a female wearing a dress and sitting on her bed. The female then lifts her dress to expose her vagina, and she then begins rubbing her vagina. Later in the video, the female turns around and exposes her buttocks and rectum while still wearing the dress. She then rubs the penis of a dog that is also sitting on the bed, and she performs fellatio on the dog. Toward the end of the video, the female appears to insert the dog's penis into her vagina. The female appears to be prepubescent due to a small body frame relative to an average adult female and having no pubic hair.

e. "9yo sucks her dogs cock.mp4" – This video depicts a seemingly nine year old naked female performing fellatio on a dog.

f. "6. wmv" – This video that depicts a female standing on her hands and knees. A dog who has climbed on her back is engaging in vaginal intercourse with the female. At the end of the video a caption appears that reads "COLLEN11.COM". Below the first caption is another caption that reads "extreme vids by kids". The female appears to be prepubescent due to a small body frame in relation to an average adult female and having no pubic hair.

g. "l_x264(2).mp4" – This video depicts a female wearing a tank top and underwear. The female removes her underwear and exposes her vagina. A dog then licks the female's vagina. The female appears to be prepubescent due to a small body frame in relation to an average adult female and having no pubic hair.

16. The FBI Child Exploitation Operational Unit (CEOU) contacted the New Zealand Department of Internal Affairs (NZDIA), the foreign law enforcement point-of-contact for the New Zealand-based online storage provider, to request the subscriber information for the account that contained the numerous child pornography and bestiality videos.

17. NZDIA replied to FBI CEOU's request by providing the user's associated email account of z8hiskey@gmail.com. NZDIA also provided several IP addresses that were used to login to the account at various instances between January 2018 and May 2022. (Notably, the date range of activity indicates usage and operation that extended into the period of time where the Kik account had been used and reported.)

18. FBI CEOU served an administrative subpoena to Google LLC for information regarding the email address z8hiskey@gmail.com, which provided IP logs as well as the user's GooglePay customer information. The latter identified the user/customer as:

    Zachary Charles Hiskey
    310 Liberty Street, Hutchinson, KS 67501
    Telephone: 620-860-9167

19. Based on the Google IP logs for the z8hiskey account, FBI CEOU served an administrative subpoena to Cox Communications for customer information (for dates associated with activity observed in the New Zealand online storage account) and learned the customer was:

    Zachary Hiskey
    528 N Grandview St, Hutchinson, KS 67501-2041
    Telephone: 620-200-8089, 620-899-8085

20. On September 7, 2022, OCE contacted me to inform me of CEOU's findings regarding Zachary Charles Hiskey (HISKEY) and provided me with the sample of content (described above) that he/she obtained from the New Zealand online-storage account associated with HISKEY.

21. Additionally, after identifying the New Zealand online-storage account, associated with z8hiskey@gmail.com, investigators requested the provider identify any accounts related by a specific device used by the z8hiskey@gmail.com account. The provider provided the following email accounts, associated with other storage accounts on the provider's servers, were also likely used by the same individual who created the storage account associated with z8hiskey@gmail.com:

    obayzac@yahoo.com (**SUBJECT ACCOUNT**);

    hiskey1998@gmail.com;

shaggy121919@gmail.com; and

zhiskey98@gmail.com.

22. Thus, based on the report of the New Zealand provider, allow with evidence of involvement with the Kik account, it is likely that evidence of HISKEY's involvement and operation of the online-storage accounts will be found in the **SUBJECT ACCOUNT**.

### Search Warrant and Interview of HISKEY

23. On October 5, 2022, FBI personnel executed a search warrant on the residence of HISKEY at 528 N Grandview Street, Hutchinson, KS 67501.

24. During the execution of the search warrant, investigators observed a computer tower that was unlocked inside HISKEY's home. One of the investigators accessed the file explorer of the computer and observed a thumbnail of a recently viewed video. The video appeared to depict a female engaged in fellatio. The female's facial features led the investigator to believe the female was a minor. After viewing the thumbnail, the investigator navigated to the Display Settings application of the computer and made the following observations:

   User Account: Zachary Hiskey;

   User Email: hiskey1998@gmail.com  (matches one of the email addresses provided by the New Zealand provider);

   No other accounts were listed on the computer;

   No peripherals appeared to be attached to the computer;

   Icons for "bitdefender" and "VPN" were on the computer's desktop screen.

25. At the time of the search warrant, I interviewed HISKEY, who agreed to speak with me following a Miranda warning. After I showed him sanitized screenshots of the videos described in Paragraph 15 (above), HISKEY stated he remembered viewing the videos

Page **8** of **19**

titled "048 Girl_ 1003 _and_ dog.avi" and "cp perro mammando a nina.3pg", and he claimed he did not recognize the screenshots of the other five videos. To explain how he obtained child pornography, HISKEY said he would receive links (from the New Zealand provider) from other users via his Kik account. HISKEY claimed that, upon realizing he had received child pornography, he deleted the application (leaving the account active). HISKEY claimed he last accessed child pornography approximately two weeks prior to the interview.

26. Subsequent examination of HISKEY's devices indicated that he had installed Kik, and then deleted Kik, from his phone. Additionally, his desktop computer included search terms of:

    stepdaughter cum gifs (September 29, 2022);

    stepdaughter cum (September 30, 2022);

    smy daughter gives great head and doesn't even know it (September 30, 2022).

27. Since all three of the search terms in Paragraph 26 were entered into HISKEY's computer with one week of FBI Special Agents executing a search warrant on HISKEY's home, and an investigator located a recently viewed file on HISKEY's computer that appeared to depict child pornography, HISKEY was likely seeking and possibly sharing child pornography up to the day FBI Special Agents executed the search warrant on his home.

### Additional Accounts Identified

28. Following the interview of HISKEY, I received additional investigative materials from HSI, relating to subpoenas served to Yahoo and Google for the four email accounts referenced in Paragraph 21 (above).

29. In its subpoena response, Yahoo advised that the subscriber for the email account obayzac@yahoo.com is "Zac Hiskey". The account was created on December 8, 2013. The

verified recovery phone number for the account was 620-314-9588 (although the phone number was verified on December 8, 2013).

30. In its subpoena response, Google stated that the subscriber for the email accounts zhiskey98@gmail.com and shaggy121919@gmail.com is "Zachary Hiskey". The email account shaggy121919@gmail.com was created on January 3, 2020, and it did not have a recovery phone number. The email account zhiskey98@gmail.com was created on August 16, 2020, and the recovery phone number is 620-200-8089. The subscriber for the email account hiskey1998@gmail.com is "ShaggyDabbi3" and was created on October 8, 2020, with a recovery phone number of 620-200-8089, and a recovery email address of zhiskey98@gmail.com.

31. The sequential opening of free Yahoo and Gmail email accounts (all of which are apparently associated with the same online-storage provider) suggests that HISKEY was motivated to open new accounts. From experience, I know that detection of child pornography by a social media provider will frequently result in the provider terminating the account, which in turn causes the user of the account to "drop" or "burn" the associated secondary (email) accounts. The user of the account will then open a new account, usually with a new secondary (email) account, often from another free email provider. That pattern appears to be reflected by the usage of **SUBJECT ACCOUNT**, which was associated with a Kik account that had been reported for the uploading of a child pornography video, followed by the opening of several more email accounts with a different email provider.

32. I know from training and experience that users of social media or online storage applications will frequently receive communications to their associated email from the social media or online storage providers. This may be to confirm usage (as in two-factor

verification), to provide notifications of posts from other "friends" or "groups," to communicate changes in the terms of service, or to communicate issues with the account. For this reason, the **SUBJECT ACCOUNT** likely contains communications regarding the registration or creation of the Kik social media account (discussed in paragraph 8 above) and the New Zealand online-storage account (discussed in paragraph 21 above).

33. Similarly, these communications from the social media or online storage providers can provide evidence that shows or confirms the user of the social media account or online-storage account. These communications can also show or confirm the purpose of that account's usage. In some instances, these communications can reveal the knowledge or awareness of the user's state of mind.

34. Based on the aforementioned information, it is likely that the **SUBJECT ACCOUNT** contains information, including email content, associated with HISKEY's registration or operation of the observed online storage and/or social media account, the latter being used to facilitate the exchange of child pornography. While the **SUBJECT ACCOUNT** itself might not contain child pornography, it is likely that it contains user attribution information of HISKEY for the reported Kik account. It is also likely that the **SUBJECT ACCOUNT** contains evidence demonstrating HISKEY's state of mind relating to the operation of the Kik account, as well as other accounts, that could be or were used to facilitate the exchange of child pornography.

35. Based upon the aforementioned information I believe there is probable cause to search the contents of **SUBJECT ACCOUNT**, identified by the Yahoo email address obayzac@yahoo.com.

### CHARACTERISTICS OF CHILD PORNOGRAPHERS

36. From my own experience as an FBI Special Agent and from conversations with experienced investigators, including those at the Kansas Internet Crimes Against Children task force, I have learned the following regarding child pornography offenders:

   a. The majority of individuals who collect child pornography are persons who have a sexual attraction to children. They receive sexual gratification and satisfaction from sexual fantasies fueled by depictions of children that are sexual in nature.

   b. The majority of individuals who collect child pornography collect sexually explicit materials, which may consist of photographs, magazines, motion pictures, video tapes, books, slides, computer graphics or digital or other images for their own sexual gratification. The majority of these individuals also collect child erotica, which may consist of images or text that do not rise to the level of child pornography, but which nonetheless fuel their deviant sexual fantasies involving children.

   c. The majority of individuals who collect child pornography often seek out like-minded individuals, either in person or on the Internet, to share information and trade depictions of child pornography and child erotica as a means of gaining status, trust, acceptance and support. This contact also helps these individuals to rationalize and validate their deviant sexual interest and associated behavior. The different Internet-based mediums used by such individuals to communicate with each other include, but are not limited to, P2P, e-mail, e-mail groups, bulletin boards, IRC, newsgroups, instant messaging, and other similar vehicles. Frequently, multiple mediums will be used.

   d. The majority of individuals who collect child pornography maintain books, magazines, newspapers and other writings, in hard copy or digital medium, on the subject of sexual activities with children as a way of understanding their own feelings toward children, justifying those feelings and finding comfort for their illicit behavior and desires.

   e. The majority of individuals who collect child pornography often collect, read, copy or maintain names, addresses (including e-mail addresses), phone numbers, or lists of persons who have advertised or otherwise made known in publications and on the Internet that they have similar sexual interests. These contacts are maintained as a means of personal referral, exchange, or commercial profit. These names may be maintained in the original medium from which they were derived, in telephone books or notebooks, on computer storage devices, or merely on scraps of paper.

   f. In this investigation, HISKEY has demonstrated many of the aforementioned characteristics. For example, he has admitted to controlling an one online-storage account that contained child pornography files, which were acquired from another user via the social media provider Kik. The reported Kik account, associated with Hiskey, indicates his involvement with a group of like-minded offenders. Likewise, his involvement with multiple accounts evinces a pattern of "burning" accounts after his child pornography activities are detected.

37. Affiant asserts that, because of the many characteristics which HISKEY manifests (discussed above), the SUBJECT ACCOUNT is likely to contain evidence of his persistent interest in child exploitation and child pornography, as well as evidence of contacts with other like-minded offenders and online platforms associated with his child pornography activities.

## CONCLUSION

38. Based on the foregoing facts, there is probable cause to believe the **SUBJECT ACCOUNT**, identified above and further described in Attachment A, has been used and might still be used to facilitate the possession, receipt, and distribution of visual depictions involving obscene visual representations children engaged in sexually explicit conduct and child pornography. Based on the aforementioned factual information, I respectfully submit that there is probable cause to believe that the account described above has been involved in violations of 18 U.S.C. §§ 2252 and 2252A, and that evidence relating to those criminal offenses will be located in the account described above.

39. Further, I submit that such evidence, listed in Attachment B to this affidavit, constitutes contraband, the fruits of crime, or things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses.

40. Therefore, I respectfully request that the attached warrant be issued authorizing the search and seizure of the account identified in Attachment A for the items listed in Attachment B.

*Kasev Sundar*
Kasev R. Sundar
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me in my presence on this 13th day of April 2024.

_____
THE HONORABLE GWYNNE E. BIRZER
United States Magistrate Judge

## ATTACHMENT A

### Description of Account(s) to Searched/Examined

This warrant applies to information associated with the Yahoo account identified as

**obayzac@yahoo.com**

that is stored at premises owned, maintained, controlled, or operated by Yahoo Inc., a company headquartered in Mountain View, California.

## ATTACHMENT B

## Particular Things to be Seized

I.    **Information to be disclosed by Yahoo**

To the extent that the information described in Attachment A is within the possession, custody, or control of Yahoo Inc. ("Yahoo"), regardless of whether such information is located within or outside of the United States, including any messages, records, files, logs, or information that have been deleted but are still available to Yahoo, or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Yahoo is required to disclose the following information to the government for the account listed in Attachment A:

(a)    All contact and personal identifying information provided to Yahoo, during the registration process or at any time thereafter;

(b)    All public-facing profile information for the account,

(c)    All photos and videos uploaded by that user and all photos and videos uploaded by any other user to that account, including Exchangeable Image File ("EXIF") data and any other metadata associated with those photos and video, **for the period between January 2018 to May 31, 2022**;

(d)    All contacts of the account, including lists of approved users, and the privacy settings associated with such lists;

(e)    All groups and networks of which the user is a member;

(f)    All activity logs, including IP addresses, for the account and all other documents showing the user's activity and other Yahoo account activities, **for the period between January 2018 to May 31, 2022**;

(g)  All records or other information regarding the devices and internet browsers associated with, or used in connection with, the identified account, including the hardware model, operating system version, unique device identifiers, and mobile network information;

(h)  All other records and contents of communications and messages made or received by the user **for the period between January 2018 to May 31, 2022**;

(i)  All IP logs, including all records of the IP addresses that logged into the account, **for the period between January 2018 to May 31, 2022**;

(j)  The types of service utilized by the user;

(k)  The length of service (including start date) and the means and source of any payments associated with the service (including any credit card or bank account number);

(l)  All privacy settings and other account settings for the identified account;

(m)  All records pertaining to communications between Yahoo and any person regarding the identified account, including contacts with support services and records of actions taken.

(n)  The contents of all media associated with the account, **for the period between January 2018 to May 31, 2022,** including: photos, GIFs, videos, animations, collages, icons, or other data uploaded, created, stored, or shared with the account, including drafts and deleted records; accounts with access to or which previously accessed each record; any location, device, or third-party application data associated with each record; and all associated logs of each record, including the creation and change history, access logs, and IP addresses.

 (o) The contents of all records associated with the account, **for the period between January 2018 to May 31, 2022,** including: files, folders, media, notes and note titles, lists, applications, and other data uploaded, created, stored, or shared with the account including drafts and deleted records; third-party application data and backups; SMS data and device backups; the creation and change history of each record; accounts with access to or which previously accessed each record; any location, device, other Yahoo services, or third-party application associated with each record; and all associated logs, including access logs and IP addresses, of each record.

Yahoo is hereby ordered to disclose the above information to the government within **30 DAYS** of issuance of this warrant. (Yahoo may request an extension, and such extension may be authorized by the receiving agent or agency, Kasev R. Sundar of the FBI.)

II. **Information to be seized by the government**

All information described above in Section I that constitutes fruits, evidence, and instrumentalities of violations of the criminal violations of 18 U.S.C. §§ 2252 and 2252A, as described in the Affidavit, including information pertaining to the following matters:

 (a) The identity of the person(s) who created or used the Yahoo account, including records that help reveal the whereabouts of such person(s) at the time of usage;

 (b) Evidence indicating how and when the Yahoo account was accessed or used, to determine the chronological and geographic context of account access, use, and events relating to the crime under investigation and to the Yahoo account owner;

(c) Evidence indicating the Yahoo account owner's state of mind as it relates to the crimes under investigation;

(d) Evidence of the use, operation, and/or registration of the Kik account identified in the attached Affidavit;

(e) Evidence of the use, operation, and/or registration of social media or online storage accounts relating to the crimes under investigation;

(f) Evidence of obscene visual depictions of minors engaged in sexually explicit conduct, child pornography, child erotica, and communications pertaining to child pornography, child sexual abuse, and child sexual exploitation; and

(g) Evidence showing communications with or about minors or the sexual exploitation of minors.

This warrant authorizes a review of electronically stored information, communications, other records, and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.